1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES FLUKER, SR.,                        Case No. 1:09-cv-01193 AWI JLT (PC)

12            Plaintiff,                          ORDER DISMISSING THE FIRST
                                                 AMENDED COMPLAINT WITH LEAVE
13       vs.                                      TO AMEND

14   CALIFORNIA DEPARTMENT OF                     (Doc. 10)
     CORRECTIONS & REHABILITATION,
15   et al.,

16            Defendants.

17   _____/

18        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

19   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

20   accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the Court is Plaintiff's

21   amended complaint filed March 22, 2010.[1]

22   I.       **SCREENING**

23            A.       **Screening Requirement**

24            The Court is required to review a case in which a prisoner seeks redress from a governmental

25   entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

26   _____

27        [1]  Plaintiff filed his original complaint and initiated this action on July 10, 2009.  (Doc. 1.)  Before the Court
     screened the complaint pursuant to 28 U.S.C. § 1915A(a), Plaintiff filed a motion to amend his complaint.  (Docs. 9 & 10.)
28   The Court granted Plaintiff's motion to amend on October 1, 2010.  (Doc. 12.)  Accordingly, this action now proceeds on
     Plaintiff's amended complaint filed March 22, 2010.

                                                 1

1  thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

2  monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court

3  determines the complaint fails to state a claim, leave to amend may be granted to the extent that the

4  deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th

5  Cir. 2000) (en banc).

6  **B.    Section 1983**

7  The Civil Rights Act under which this action was filed provides as follows:

8  Every person who, under color of [state law] . . . subjects, or causes to be subjected, any
   citizen of the United States . . . to the deprivation of any rights, privileges, or immunities
9  secured by the Constitution . . . shall be liable to the party injured in an action at law, suit
   in equity, or other proper proceeding for redress.
10

11  42 U.S.C. § 1983.

12  To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1)

13  plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted

14  under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145,

15  1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the

16  defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.

17  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right,

18  within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

19  acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

20  [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions

21  of each defendant and the deprivation alleged to have been suffered by the plaintiff. Monell v. Dept. of

22  Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

23  **C.    Rule 8(a)**

24  Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil

25  Procedure 8(a), which provides, in relevant part, that:

26  A pleading that states a claim for relief must contain:

27  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court
    already has jurisdiction and the claim needs no new jurisdictional support;
28

2

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      THE AMENDED COMPLAINT

In his amended complaint, Plaintiff identifies the following as defendants to this action: E. McCant; Ellen Greenman; Leslie Moran; Paula Ranson; N. Grannis; Burgett; B. Green; S. Bozarth; and John Does 1-20.  Plaintiff alleges as follows.  Plaintiff suffers from chronic back pain.  On April 12, 2007, Dr. Castillo evaluated Plaintiff and issued a comprehensive accommodation chrono calling for limited work duty, placement in a cell on the first floor, assignment to a bottom bunk, a back brace, and a cane. In addition, on May 19, 2007, Dr. Castillo submitted a California Department of Corrections and Rehabilitation ("CDCR") Disability Placement Program form, in which he stated that Plaintiff had a mobility impairment and required the cane to walk.  (Doc. 10 at 7-9.)

On August 17, 2007, Plaintiff wrote a letter to the Medical Board of California ("Medical Board"), complaining that he was dissatisfied with the treatment he was receiving in prison.  In particular, Plaintiff complained that he experienced delays in receiving treatment for his glaucoma, headaches, and back pain.  The Division of Correctional Health Care Services of the CDCR ("DCHCS") responded to the letter on October 30, 2007.  The DCHCS indicated that it appeared from Plaintiff's medical file that he was receiving timely treatment for his medical conditions.  (Doc. 10 at 9-11.)

3

On September 6, 2007, Plaintiff was examined by Defendant Green.  Defendant Green prescribed Gabapentin to reduce the numbness and tingling Plaintiff was experiencing in his hands and feet.  Plaintiff was already receiving Tramadol and Diclofenic for pain relief at the time.  Defendant Green did not issue a medical lay-in slip for Plaintiff, however, because Plaintiff did not appear to suffer from any physical limitations that were not already listed in his limited duty chrono.  (Doc. 10 at 15-6.)

On October 1, 2007, Defendant Burgett removed Plaintiff from the Disability Placement Program.  Defendant Burgett noted in a CDCR 1845 form that Plaintiff had been observed walking over 200 yards without pause, and therefore Plaintiff no longer qualified as being disabled.  The decision to remove Plaintiff from the Disability Placement Program was later approved by Defendant Greenman on January 15, 2008.  When Plaintiff told Defendant Green that the Veteran's Administration Hospital had labeled him a disabled person, Defendant Green responded that he did not care because those findings held no weight in state prison.  In Plaintiff's view, Defendants Burgett, Greenman, and Green removed Plaintiff from the Disability Placement Program as retaliation for his letter to the Medical Board.  (Doc. 10 at 11, 16-17.)

On October 11, 2007, Plaintiff was examined once again by Defendant Green.  Defendant Green increased Plaintiff's prescription for Gabapentin and also referred Plaintiff to a neurosurgeon.  On December 18, 2007, Plaintiff was seen by a neurosurgeon.  The neurosurgeon recommended that Plaintiff undergo a spinal fusion in his neck and advised Plaintiff to return if he elected to undergo the surgery.  (Doc. 10 at 17.)

From January 2008 to April 2009, Plaintiff submitted numerous CDCR 7362 Health Care Services Request Forms requesting that he be returned to the prison's disability program.  On several occasions, Plaintiff stated that he had fallen due to weakness and tingling in his legs and due to his lack of a cane.  Nevertheless, Plaintiff did not receive a response to his medical request forms.  Plaintiff raised the matter with his physician repeatedly but his doctor consistently claimed that Plaintiff did not have a mobility impairment that would qualify Plaintiff for the disability program.  (Doc. 10 at 12-14, 18-19, 21-22.)

During this same period, Plaintiff filed several medical complaints regarding the efficacy and side-effects of Gabapentin.  In response, Plaintiff's physician discontinued Plaintiff's prescription for

1  Gabapentin on May 14, 2008. Thereafter, Plaintiff's physician attempted to prescribe Lyrica and Elavil
2  as alternatives to Gabapentin, but neither medication was deemed appropriated for Plaintiff's condition.
3  As a result, Plaintiff endured a long period without adequate pain medication. (Doc. 10 at 13-14, 16-19,
4  22-23.)

5      Based on the above allegations, Plaintiff appears to claim that Defendants provided him
6  inadequate medical care in violation of the Eighth Amendment.  Plaintiff also claims that Defendants
7  Burgett, Greenman, and Green retaliated against him in violation of the First Amendment.  Finally,
8  Plaintiff presents state law claims for medical malpractice and fraud and deceit.  In terms of relief,
9  Plaintiff seeks monetary damages and injunctive relief.  (Doc. 10 at 27-31.)

10 **III.    DISCUSSION**

11     **A.    Eighth Amendment**

12     Plaintiff claims that Defendants provided him inadequate medical treatment.  To state a claim
13 for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege
14 "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."
15  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must demonstrate: (1) an
16 objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v.
17 City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
18 2006)).  A medical need is serious "if the failure to treat the condition could result in further significant
19 injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059
20 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104).  A prison official acts with deliberate indifference if
21 he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.  See
22 Jett, 439 F.3d at 1096.  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support his
23 cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,
24 429 U.S. at 105-06).

25     The allegations in the amended complaint sufficiently demonstrate that Plaintiff suffers from an
26 objectively serious medical condition.  Plaintiff alleges that he suffers from chronic back pain, which
27 is being treated by various physicians.  Plaintiff alleges further that the pain in his back radiates
28 throughout his body and causes pain and numbness in his upper and lower extremities.  Moreover,

1   according to Plaintiff, the pain and numbness that he experiences in his legs and feet substantially

2   interfere with his ability to walk.  See McGuckin, 974 F.2d at 1059-1060 ("[T]he presence of a medical

3   condition that significantly affects an individual's daily activities; or the existence of chronic and

4   substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

5   (citations omitted).

6          Whether Plaintiff states a cognizable inadequate medical care claim under the Eighth

7   Amendment therefore hinges upon whether Plaintiff alleges facts sufficiently demonstrating that

8   Defendants acted with deliberate indifference.  The Court finds that Plaintiff has not.  As an initial

9   matter, the Court notes that Plaintiff fails to clearly specify which aspects of his medical care related to

10  his back condition he actually disputes.  Plaintiff merely recites his extensive history of back-related

11  treatment from 2007 to 2009, vaguely alleges that he continues to suffer from pain and numbness

12  throughout his body, and concludes that Defendants were deliberately indifferent to his serious medical

13  needs.  Plaintiff should not expect the Court to ferret through his extensive medical record in search of

14  disputed treatment.

15         In any event, to the extent the Court is able to glean specific aspects of Plaintiff's medical care

16  which he does potentially dispute, they appear to be: (1) Plaintiff's removal from the Disability

17  Placement Program; (2) the denial of pain medication for a period of time; and (3) the denial of an egg-

18  crate double mattress.  First, with respect to Plaintiff's removal from the disability program, Plaintiff

19  does not clearly explain the consequences this had on his medical treatment.  To the extent that the Court

20  infers that Plaintiff's removal from the disability program deprived him of a cane or walker, Plaintiff

21  fails to allege facts demonstrating that Defendants had actual knowledge that Plaintiff faced a substantial

22  risk of serious injury if he were not provided a cane or walker.  Although Plaintiff alleges that on several

23  occasions he submitted health care requests forms in which he states that he fell and injured himself,

24  there are no facts indicating that any of the named defendants had actual knowledge of these events or

25  request forms.  Moreover, Plaintiff admits that his primary care physician found that he did not have a

26  mobility impairment that qualified him for the disability program  (Doc. 10 at 18-19.)  As such, Plaintiff

27  fails to show that Defendants acted with deliberate indifference to his alleged need for a cane or walker.

28

6

Second, Plaintiff alleges that beginning in May 2008, he did not receive pain medication for at least fifty days.  However, Plaintiff himself indicates that he was initially denied medication because his Gabapentin prescription was discontinued after he complained the medication was not effective and cause disagreeable side-effects.  Plaintiff also indicates that his physician subsequently attempted to prescribe alternatives to Gabapentin, including Lyrica and Elavil, but those medications were disapproved.  Thus, considering all these allegations together, there is no factual support for the conclusion that the denial of pain medication to Plaintiff was the result of deliberate indifference on the part of any of the named defendants.

Third, Plaintiff alleges that Defendants McCant, Greenman, and Moran worked in conjunction with Defendant Burgett to deny him an egg-crate double mattress, among other things, by denying his inmate grievances and appeals.  This allegation is vague and conclusory and fails to demonstrate that Defendants McCant, Greenman, and Moran acted with deliberate indifference to Plaintiff's serious medical needs.

**B.** **Retaliation**

Plaintiff claims that Defendants Burgett, Greenman, and Green retaliated against him for filing a complaint with the Medical Board.  Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose.  Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

Here, Plaintiff's allegations fail to state a cognizable retaliation claim.  Given the limited facts provided by Plaintiff in the amended complaint, it is simplys implausible that Defendants Burgett, Greenman, and Green acted with retaliatory intent.  According to Plaintiff, he filed his complaint with the Medical Board on August 17, 2007, and the Medical Board did not respond to the complaint until October 30, 2007.  In the interim, on October 1, 2007, Defendant Burgett allegedly retaliated against Plaintiff by removing him from the Disability Placement Program.  However, there is no indication in

1   the amended complaint as to how Defendant Burgett became aware of Plaintiff's complaint before the

2   Medical Board had even provided a response.  Moreover, the mere fact that Defendant Greenman

3   approved Defendant Burgett's decision and that Defendant Green, at some point, made a disparaging

4   remark regarding Plaintiff's disability status does not plausibly support the conclusion that these

5   defendants sought to retaliate against Plaintiff.  Accordingly, unless Plaintiff is able to allege additional

6   facts demonstrating that these defendants were motivated by a retaliatory purpose, Plaintiff's otherwise

7   conclusory retaliation claims against Defendants Burgett, Greenman, and Green should be dismissed.

8   **C.    State Law Claims**

9   Plaintiff asserts state law claims for medical malpractice and fraud and deceit.  Under the

10  California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a

11  public employee unless he has presented a written claim to the state Victim Compensation and

12  Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905,

13  911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.

14  1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the

15  cause of action accrues.  Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement

16  is "to provide the public entity sufficient information to enable it to adequately investigate claims and

17  to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 12

18  Cal. 3d 447, 455 (1974).  Thus, in pleading a state law claim, plaintiff must allege facts demonstrating

19  that he has complied with CTCA's presentation requirement.  State of California v. Superior Court

20  (Bodde), 32 Cal. 4th 1234, 1243-44 (2004).  Failure to allege compliance constitutes a failure to state

21  a cause of action and will result in the dismissal of plaintiff's state law claims.  Id.

22  Plaintiff concedes that he has failed to timely present his state law claims to the California Victim

23  Compensation and Government Claims Board.  In his amended complaint, Plaintiff specifically alleges

24  that on May 8, 2009, he attempted to file a claim with the Claims Board, but the Claims Board

25  determined that it lacked jurisdiction over his claims because over one year had passed since his claims

26  first accrued.  (Doc. 10 at 7.)  Accordingly, because Plaintiff has not complied with the CTCA, he may

27  not proceed with his state law claims in this action.  See Karim-Panahi v. Los Angeles Police Dept., 839

28  F.2d 621, 627 (9th Cir. 1988) (dismissal of state law claims proper where amended complaint failed to

1  allege compliance with CTCA's presentation requirement).

2  **D.    Leave to Amend**

3  The Court will provide Plaintiff with the opportunity to file a second amended complaint curing

4  the deficiencies identified by the Court in this order, to the extent possible. See Noll v. Carlson, 809

5  F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint

6  unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

7  (internal quotations omitted). If Plaintiff elects to file a second amended complaint, he is cautioned that

8  he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507

9  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files a

10  second amended complaint, his original pleadings are superceded and no longer serve any function in

11  the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must

12  be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All

13  causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are

14  waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

15  **IV.    CONCLUSION**

16  In accordance with the above, it is HEREBY ORDERED that:

17  1.    Plaintiff's amended complaint is dismissed;

18  2.    Plaintiff is granted thirty (30) days from the date of this order to file a second amended

19       complaint that complies with the requirements of the Federal Rules of Civil Procedure

20       and the Local Rules; the second amended complaint must bear the docket number

21       assigned to this case and must be labeled "Second Amended Complaint";

22  3.    The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil

23       rights action; and

24  4.    Plaintiff is cautioned that failure to comply with this order will result in a

25       recommendation that this action be dismissed without prejudice.

26  IT IS SO ORDERED.

27  Dated:  **December 15, 2010**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

28

9